UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-39 (JJM) |

**DEFENDANTS' EMERGENCY MOTION FOR A RULING BY 11 A.M. ON FEBRUARY 12, 2025, FOR PERMISSION TO CONTINUE <u>WITHHOLDING FEMA AND OTHER FUNDING</u>**

On January 31, 2025, this Court entered a Temporary Restraining Order (TRO) that provided certain relief against the temporary pause of funding announced in OMB Memorandum M-25-13, but still allowed Defendants to pause funding "on the basis of the applicable authorizing statutes, regulations, and terms," provided they "comply with all notice and procedural requirements in the award, agreement, or other instrument relating to decisions to stop, delay, or otherwise withhold federal financial assistance programs." ECF No. 50 at 12.

On February 10, 2025, this Court granted Plaintiffs' Motion to Enforce the TRO, and issued a further Order directing, among other things, that "Defendants must immediately restore frozen funding during the pendency of the TRO" and "Defendants must immediately end any federal funding pause during the pendency of the TRO." ECF No. 96 at 4 ¶¶ 1-2. The Court's Order stated that its initial TRO "prohibits all categorical pauses or freezes in obligations or disbursements based on

the OMB Directive or based on the President's 2025 Executive Orders." *Id.* at 3. The Court's Order also stated, however, that "[i]n response to the Defendants' arguments, they can request targeted relief from the TRO from this Court where they can show a specific instance where they are acting in compliance with this Order but otherwise withholding funds due to specific authority." *Id.* at 3-4. Defendants have now appealed those Orders, *see* ECF No. 98, and sought relief from the United States Court of Appeals for the First Circuit.

In recognition of the Court's February 10 Order, which threatened the Defendants with criminal contempt should they violate the plain language of the Court's orders, Defendants respectfully submit this emergency motion requesting a ruling no later than 11:00 A.M. on February 12, 2025, to address the court of appeals' expectation that "the District Court will act with dispatch to provide any clarification needed with respect to, among other things, the defendants' contention that the February 10 Order 'bars both the President and much of the Federal Government from exercising their own lawful authorities to withhold funding without the prior approval of the district court,'" and in light of the plaintiffs' position that the February 10 Order "does not stop defendants from limiting access to funds without any 'preclearance' from the district court 'on the basis of the applicable authorizing statutes, regulations, and terms.'" Order, No. 25-1138 (Feb. 11, 2025) at 2. Defendants also respectfully request confirmation that Defendants may permissibly withhold certain FEMA funding, *i.e.*, as "a specific instance where they are acting in compliance with this Order but otherwise

2

withholding funds due to specific authority." ECF No. 96 at 4. Defendants have identified this FEMA funding as one (of potentially many) sources of funding that, depending on the intended scope of the Court's Order, may require "targeted relief" from the Court's Order, *id.*, or may be outside the scope of the Court's Order altogether.

The relevant facts regarding the FEMA funding are set forth in the attached declaration from Cameron Hamilton, the Senior Official Performing the Duties of the Administrator, Department of Homeland Security, Federal Emergency Management Agency. In short, FEMA seeks to withhold Shelter and Services Program (SSP) funding based on concerns regarding the program. *See* FEMA Hamilton Decl. ¶¶ 6-13.

Defendants respectfully request, by 11:00 A.M. on February 12, any needed clarification "with respect to, among other things, the defendants' contention that the February 10 Order 'bars both the President and much of the Federal Government from exercising their own lawful authorities to withhold funding without the prior approval of the district court,'" 1st Cir. Order of Feb. 11, 2025 at 2, to the extent the Court did not intend its Orders to require preclearance or prohibit withholding of payment based on concerns about grantee compliance with grant terms and conditions. Defendants also respectfully request that the Court provide "targeted relief" from its Orders, confirming that FEMA may continue "withholding funds due to specific authority," as described in the attached declaration. Defendants also respectfully request clarification, to the extent the Court did not

3

intend its Orders to prohibit withholding of payment based on concerns about grantee compliance with grant terms and conditions.

Dated: February 11, 2025            Respectfully Submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

/s/ Daniel Schwei
DANIEL SCHWEI
Special Counsel
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 305-8693
Fax: (202) 616-8460
Email: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

4

## **CERTIFICATION OF SERVICE**

     I hereby certify that on February 11, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

                                                   /s/ *Daniel Schwei*
                                                   DANIEL SCHWEI