

**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JOSHUA P. RUBIN
Senior Counsel
Affirmative Litigation Division
Phone: 212-356-2269
Fax: 212-356-2038
email:jrubin@law.nyc.gov

October 8, 2025

**VIA ECF**

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   City of New York v. Trump et al., 25-cv-1510

Dear Judge Rearden,

I write on behalf of plaintiff the City of New York ("City" or "Plaintiff") in the above captioned matter.[1] As the Court is familiar, the parties have completed briefing on Defendants' motion to dismiss. ECF Nos.52-56. I write to draw the Court's attention to a new decision by the United States Government Accountability Office ("GAO") that has implications for this case and for the pending motion.

As the Court is familiar, this case concerns Shelter and Services Program ("SSP") grants that defendant FEMA awarded to the City for federal fiscal years 2023 and 2024. The Second Amended Complaint ("SAC") (ECF No. 50) challenges Defendants' reversal of an ACH transaction that took back from the City more than $80 million in previously approved and awarded SSP payments from FEMA to the City. The SAC also challenges a series of discrete yet related administrative actions taken by Defendants' following the reversal, including decisions to suspend and withhold SSP funds (including, but not limited to, the funds removed by the reversal), to modify the USASpending.gov website by zeroing out all remaining SSP funds, and to terminate the SSP program entirely.

---

[1] We are mindful of this district's Amended Standing Order ("ASO") issued concerning cases in which federal entities are represented by the office of the United States Attorney for the Southern District of New York. 1:25-mc-00433-LTS, ECF No. 3. Our understanding is that Defendants in this case are represented exclusively by attorneys with the U.S. Department of Justice in Washington, D.C., and that therefore this case is not within the ASO and is not currently stayed.

GAO is an independent office established by Congress and headed by the Comptroller General. The Comptroller General is required under the Impoundment Control Act of 1974 ("ICA") to report to Congress any determination that the executive branch has impounded funds in a manner that is in violation of the ICA. 2 U.S.C § 686. On September 29, 2025, GAO issued a decision pursuant to its ICA reporting responsibilities that concluded that FEMA violated the ICA with respect to various funds, including the City's SSP grants at issue here. (A copy of the GAO Decision is filed with this letter.)

Addressing the same sequence of administrative actions that are at issue in this case (see GAO Decision at 18-19), the GAO Decision supports the City's claims and provides grounds to deny Defendants' pending motion. Most directly, the GAO Decision bears on one particular aspect of Counts III and IV of the SAC. Those counts assert claims that Defendants violated the Administrative Procedure Act ("APA") by acting contrary to law, ultra vires, and in excess of statutory authority. Those counts cite the ICA as one of the laws that Defendants failed to follow, and Defendants' motion focuses specifically on the ICA aspect of those counts. The GAO Decision holds that FEMA violated the ICA by "withholding certain funds from obligation and expenditure, including funds that were not eligible for withholding under any circumstances . . . [because they were] 'required by law to be spent.'" GAO Decision at 2-3. As the GAO Decision concludes:

> Given the agency's targeted policy directives, corresponding spending data, and failure to otherwise justify withholdings for this program, we find that FEMA has impermissibly withheld and precluded the obligation and expenditure of prior year budget authority for SSP in violation of the ICA.

GAO Decision at 22.

The GAO Decision also supports the City's claim that Defendants acted arbitrarily and capriciously and outside the bounds of their discretion. As the GAO Decision states: "We have rejected the assertion that reviews undertaken 'to ensure compliance with presidential policy prerogatives' constitute a permissible programmatic delay. The ICA does not permit deferrals for policy reasons." GAO Decision at 20. The GAO Decision is therefore contrary to Defendants' contentions that they acted within their lawful discretion and statutory authority (see ECF # 53 Points II, IV).

For these reasons, the City respectfully requests that the Court consider the GAO Decision in connection with the pending motion.

We thank the Court for its consideration.

Respectfully submitted,

Joshua P. Rubin
Senior Counsel

cc:    via ECF