

U.S. Department of Justice
Civil Division
Federal Programs Branch

*Washington, DC 20530*

January 23, 2026

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Subject:   Defendants' Supplemental Citations and Response to Plaintiff's Supplemental Citation, ECF No. 57, re: *City of New York v. Trump et al.*, 25 Civ. 1510

Dear Judge Rearden,

    Defendants would like to bring to the Court's attention two opinions from the U.S. District Court for the Northern District of Illinois involving the Shelter and Services Program (SSP) and two recent appellate decisions regarding grants.

    In *City of Chicago v. U.S. Dep't of Homeland Security*, Civil Action 25-5463, 2025 WL 3043528 at *1 (N.D. Ill. Oct. 31, 2025), the district court issued a preliminary injunction enjoining DHS and FEMA from freezing SSP funding and from eliminating the SSP. *Id.* at *1. Such relief is not limited to plaintiffs in that matter. *City of Chicago v. U.S. Dep't of Homeland Security*, Civil Action 25-5463, 2025 WL 3171302, at *2 (N.D. Ill. Nov. 13, 2025). Accordingly, the preliminary injunction has the effect of granting interim relief to the City of New York on their claims regarding the "suspension or pause of SSP" and "termination of SSP." *See* Second Amended Complain (SAC), ECF No. 51 at 82. The entry of preliminary relief, however, does not moot Defendants' pending motion to dismiss New York's claims. Additionally, the district court held that it "lacks jurisdiction over the plaintiffs' claims to the extent that they challenge the termination of their grants." *City of Chicago*, 2025 WL 3043528 at * 11. Applying *Department of Education v. California*, 604 U.S. 650 (2025) and *National Institutes of Health v. American Public Health Association*, 606 U.S. __, 145 S. Ct. 2658 (2025), the district court concluded that "[c]laims that [grant] termination decisions were unlawful, and any remedy (whether by judgment, declaration, or injunction), would ultimately amount to an obligation to pay retrospective claims for money." *Id*. Consequently, those claims belong in the Court of Federal Claims. *Id.* The same rationale applies to this case and requires dismissal of New York's grant termination claims. *See* ECF No. 53 at 7-14.

    In *Sustainability Inst. Rural Advancement Found. Int'l-USA v. Trump*, No. 25-1575 at 12, 2026 LX 25266 (4th Cir. Jan. 21, 2026), the court of appeals held that "the district court lacked jurisdiction to order [a permanent injunction based on the Administrative Procedure Act (APA)],

which was designed to enforce obligations to pay money pursuant to Plaintiffs' grants." The court of appeals found no jurisdiction after applying the *California* and *National Institutes of Health* decisions, which is what this Court should conclude as well. Moreover, the court of appeals rejected the separation of powers claim because the claim was statutory and not constitutional, *Sustainability Inst.*, No. 25-1575 at 24-25, analogous to Plaintiff's claim in this case that rests on "the DHS Appropriations Act." SAC ¶ 305.

Similarly, in *Neeta Thakur v. Trump*, No. 25-4249, 2025 LX 536317 at *10 (9th Cir. Dec. 13, 2025), the court of appeals held that "the government has made a strong showing that it is likely to establish that the district court lacks jurisdiction to review the [] APA claim."

Defendants also offer two points in response to Plaintiff's letter dated October 8, 2025, ECF No. 57, which supplements its argument regarding Defendants' Motion to Dismiss and encloses a GAO decision, Application of the Impoundment Control Act (ICA) to FEMA Prior Year Federal Assistance Appropriations, B-337204.2 (Comp. Gen. Sept. 29, 2025).

First, the GAO decision does not directly address whether the ICA confers rights that may be enforced through an APA suit in a district court. *Id.* at 4-5. The decision acknowledges the existence of this case but takes no view on the reviewability issue pending before this Court. Moreover, the decision does not address whether a city government can seek to enforce the ICA. In fact, the involvement of GAO proves Defendants' point that Congress has established a scheme for such matters, thereby excluding use of the APA. Accordingly, Plaintiff's assertion that the GAO decision is contrary to Defendants' Points II and IV, ECF No. 57 at 2, is incorrect.

Second, the more relevant supplemental authority regarding the ICA is the Supreme Court's stay order in *Dep't of State v. AIDS Vaccine Advocacy Coalition*, 606 U.S. __, 2025 U.S. LEXIS 2799 (2025). The Supreme Court stated that the "Government, at this early stage, has made a sufficient showing that the Impoundment Control Act precludes respondents' suit, brought pursuant to the Administrative Procedure Act, to enforce the appropriations at issue here." *Id.* The district court had ordered the government to obligate funds even though the President had proposed rescinding the funds pursuant to the ICA's procedures. *AIDS Vaccine Advocacy Coalition v. Dep't of State*, Civil Action No. 25-00400, 2025 U.S. Dist. LEXIS 171603 (D.D.C. Sept. 3, 2025). The Supreme Court's order reinforces Defendants' argument that the Court should not use the APA to address issues that Congress has entrusted to other entities authorized under the ICA — which does not include Plaintiff.

We thank the Court for its consideration.

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | Respectfully submitted,<br> S/ Syed Ahmad_____<br>SYED AHMAD (IL Bar 6217343) |
| ANDREW I. WARDEN<br>Assistant Branch Director | Trial Attorney, U.S. Department of Justice<br>202-507-6075; syed.n.ahmad@usdoj.gov |