

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSHUA P. RUBIN**
Senior Counsel
Affirmative Litigation Division
Phone:  212-356-2269
Fax:  212-356-2038
email:jrubin@law.nyc.gov

May 29, 2026

**VIA ECF**

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:    City of New York v. Trump et al., 25-cv-1510**

Dear Judge Rearden,

I write on behalf of plaintiff the City of New York ("City") in the above captioned matter to bring to the Court's attention a new decision in *State of Washington v. U.S. Dep't of Homeland Security et al.*, 25-cv-1401 (BJR) ("*Washington*") that bears on the issues briefed in connection with defendants' pending motion to dismiss.  A copy of the May 26, 2026 *Washington* decision is filed herewith ("*Washington* Decision").

Like the City, the State of Washington ("Washington") is a grantee under the Shelter and Services Program ("SSP"), and like the City, it brought suit to challenge defendants' suspension of SSP, withholding of reimbursement, and ultimate program-wide termination of SSP. Washington's complaint challenged these actions on the same grounds as the City raises in the present case:  substantive and procedural violations of the Administrative Procedure Act ("APA") and various constitutional provisions. *Washington* Decision at 2-8.  On a full administrative record, the *Washington* court granted summary judgment in Washington's favor, denied summary judgment sought by defendants, and issued a vacatur of defendants' termination of SSP. *Washington* Decision at 2, 24.

Several issues pertinent to the pending motion are addressed in the *Washington* Decision.  First, the court held that Washington's APA claims are not barred by the Tucker Act, *Washington* Decision at 8-16, because "[t]he source of Washington's asserted rights is federal law, not the SSP grant agreement, and the relief sought is directed to the legality of agency action, not payment of money damages."  *Id*. at 15-16.  This holding is consistent with that reached by the district court in *City of Chicago et al., v. United States Dep't of Homeland Security*, 25 cv 5463 (N.D. IL) to which the City previously drew this Court's attention.  *See* ECF No. 61 and exhibits annexed thereto.

Second, the *Washington* court held that defendants' policy decision to terminate SSP was both contrary to law and arbitrary and capricious under the APA. *Id*. at 16-23. It was contrary to law because the termination "conflicts with the purpose for which Congress appropriated the funds." *Id*. at 18. As the court wrote:

> Congress chose to support sheltering and related activities by non-federal entities as a means of relieving overcrowding in CBP facilities. Defendants may disagree with that policy choice, but they may not invoke a change in Executive Branch priorities to nullify Congress's funding judgment.

*Id*. The court further found that defendants did not have discretion to terminate under 2 C.F.R. 200.340(a)(4), the grounds claimed by defendants here as well, because "that provision permits termination based on changed program goals or agency priorities only 'to the extent authorized by law.'" *Id.* at 19. Likewise, the termination was found to be arbitrary and capricious. The court determined that defendants' explanations for the termination lacked reasonable explanation and that defendants' "law-enforcement rationale" lacked evidence or factual basis supporting the decision. *Id*. at 20-23.

The *Washington* Decision makes clear that the district court has jurisdiction to review defendants' challenged actions pausing and terminating SSP, and that the City's claims have sufficient merit to go forward in this case and should not be dismissed.

For all of these reasons, the City respectfully requests that the Court consider the *Washington* Decision in connection with the pending motion and deny the motion.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Joshua P. Rubin*
Joshua P. Rubin
Senior Counsel

cc:    via ECF

2