

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

*Washington, DC 20530*

June 12, 2026

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Subject:    Defendants' Update and Response to Plaintiff's Supplemental Citation, ECF No. 62,
            re: *City of New York v. Trump et al.*, 25 Civ. 1510

Dear Judge Rearden,

Defendants would like to bring to the Court's attention that, on May 22, 2026, FEMA denied Plaintiff's reimbursement requests under Award Number EMW-2024-SP-05125 and Award Number EMW-2024-SP-05018.  After reviewing the submitted documentation, FEMA stated that the submission was not fully responsive to requests made by DHS and that issues of noncompliance with the terms and conditions of the awards remained.  As a result, Defendants no longer argue that FEMA has not taken final action to withhold the disputed $80 Million, ECF No. 53 at 16.[1]  Defendants other arguments are unaffected by this development and continue to support dismissal of the Second Amended Complaint.  *See* ECF Nos. 53, 56.

In addition, Defendants note that, on May 22, 2026, FEMA conditionally approved Plaintiff's reimbursement request under Award Number EMW-2023-SP-05027 based on Plaintiff having provided accurate Alien Registration Numbers.  FEMA noted, however, that Plaintiff would not be eligible for reimbursement for the vendors that provided services, but were associated with illegal activity, at the facilities.

In response to ECF No. 62, Defendants note that in *State of Washington v. U.S. Dep't of Homeland Security*, No. 25-cv-1401, 2026 U.S. Dist. LEXIS 115662 (W.D. Wash. May 26, 2026), Washington had not submitted a reimbursement request.  This distinguishes the *Washington* court's jurisdictional ruling from our case because Plaintiff has submitted reimbursement requests.  Because the main relief Plaintiff requests is to "return[] the $80 million to the City's bank account[,]" SAC ¶¶ 239, 262, 291, 300, 307 and 315, this Court continues to lack jurisdiction.  *See e.g., Washington*, 2026 U.S. Dist. LEXIS 115662 at 21 ("The Court's jurisdiction does not extend to deciding whether Washington is entitled to payment on any particular reimbursement request."); *City of Chicago v. U.S. Dep't of Homeland Security*, 815 F. Supp. 3d 727, 748 (N.D. Ill. 2025)

---

[1] In its denial, FEMA indicated that it would reconsider its decision if the requested information were submitted. Defendants will update the Court if Plaintiff submits additional documents and FEMA reconsiders its decision.

("the Court lacks jurisdiction over all of plaintiffs' claims to the extent that they seek to overturn past grant terminations or otherwise seek money past due").

To the extent the *Washington* court ruled on the termination of SSP, it found that the termination was arbitrary and capricious contrary to the APA based on a review of the administrative record. That issue is not before this Court on Defendants' motion to dismiss, which is based on the insufficiency of the allegations in the Second Amended Complaint. The *Washington* court also found the termination of SSP was contrary to law, but did not engage with various arguments Defendants have asserted in this case to support the legality of DHS's actions as to New York City. In any event, the *Washington* decision is not relevant for this Court's consideration as Plaintiff has already acknowledged that the *City of Chicago* preliminary injunction has the effect of granting interim relief to Plaintiff on their claims regarding the suspension or pause, or termination, of SSP. ECF No. 60.

We thank the Court for its consideration.

| | |
|---|---|
| BRETT A. SHUMATE | Respectfully submitted, |
| Assistant Attorney General | _S/ Syed Ahmad_____ |
| | SYED AHMAD (IL Bar 6217343) |
| ANDREW I. WARDEN | Trial Attorney, U.S. Department of Justice |
| Assistant Branch Director | 202-507-6075; syed.n.ahmad@usdoj.gov |